In the Matter of the Application of BROOKLYN TRUST COMPANY, as Trustee, Petitioner.

ERNA SCHULZE, Respondent.

Supreme Court, Special Term, Queens County, May 12, 1944.

*Cullen & Dykman* for petitioner.

*Julius R. Oltarsh* for respondent.

HOOLEY, J. Motion for order directing respondent to pay an alleged surplus amounting to $1,791.23 to petitioner in reduc-

tion of a mortgage. The title to the property is in the respondent, Erna Schulze, but she states that her husband, Carl Schulze, always took care of the property and supervised the collection of rents and disbursements and is familiar with all the facts and surrounding circumstances. He is now a private in the armed forces of the United States and is presently stationed in the State of California, having been recently transferred there from Oklahoma. The respondent states that she has been unable to get in touch with her husband with respect to this application and apparently she is unable to meet the issue here involved, asserting merely that there is no surplus in the operation of the mortgaged premises. She asks that this proceeding be placed upon the Military Calendar (Rules of Appellate Division, Second Department, Special Rule Two, adopted May 26, 1941) or, in the alternative, that it be sent to an official referee for a full hearing and determination on the merits. Her attorney states that the records given to him by the soldier husband indicate that the disbursements exceed the income and he desires that he have an opportunity to obtain the presence of the husband in order to meet this application.

The court will not grant the relief sought by the petitioner, under the facts here presented, in this summary way. The whole spirit of the relief intended to be afforded by the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 501 *et seq.*) would be violated in so doing. True the title to the real property is in the wife but in such situations the real party in interest is, very often, the husband. If the order sought herein was improvidently granted, it might well result, if the wife is unable to make the payment, in the soldier's coming home to find that all he has worked for during his entire life has disappeared through no fault of his, notwithstanding the efforts made by Congress, in enacting the Soldiers' and Sailors' Civil Relief Act, to relieve those in service from worry about their financial obligations and the welfare of their families.

The court will adjourn this matter for all purposes until June 19, 1944, upon which date this motion will appear on the calendar, in order to give the respondent an opportunity to communicate with the soldier and to ascertain the possibility of his being available upon a hearing, and the petitioner is directed to serve upon the respondent a complete set of papers submitted to the court on this motion. If the respondent so desires, she may procure an accountant to make an examination of the books and records and report thereon so that the court then

sitting shall be able to determine upon the papers before it the purpose of the disbursements claimed to have been made by the owner. Either party may then submit to the court any additional affidavits or reports which they may serve upon the opposite party at any time more than five days before the adjourned date.